YATES, Judge,
concurring in the result.
In regard to the revocation-of-acceptance claim, Judge Crawley’s opinion would approve the directed verdict on the grounds that there was an unreasonable delay between Miller’s discovery of the feller bunch-er’s nonconformity and his revocation. I do not believe our review of this issue requires us to make that determination.
Revocation of acceptance under § 7-2-608, Ala.Code 1975, applies to sales contracts between a seller and a buyer: “ ‘[Revocation may be available whenever goods fail to conform to a seller ⅛ representation of the goods if the nonconformity ‘substantially impairs’ the value of the goods to the buyer.’ ” Page v. Dobbs Mobile Bay, Inc., 599 So.2d 38, 42 (Ala.Civ.App.1992) (emphasis added) (citation omitted). Kennemer Manufacturing, not the Pettibone Corporation, sold the feller bunch-er to Miller. Kennemer was dismissed from the lawsuit. There can be a revocation of acceptance between a manufacturer and a buyer when the seller is the manufacturer’s agent. At trial, however, Miller presented no evidence establishing an agency relationship between Kennemer and Pettibone. Thus, there could be no revocation of acceptance between Miller and Pettibone.
THIGPEN, J., concurs.